Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GINETTE M. LOURIDO NIEVES<br><br>Peticionaria<br><br>v.<br><br>ANTHONY M. ESTEVEZ BARRERA<br><br>Recurrida | TA2025AP00128 | Apelación acogida como ***CERTIORARI*** procedente del Tribunal de Primera Instancia Sala Municipal de San Juan<br><br>Caso Núm.:<br>OPA-2025-052327<br>OPA-2025-052776<br><br>Sobre:<br>Violencia Doméstica (Ley Núm. 54) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

### RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece Ginette M. Lourido Nieves (en adelante, señora Lourido Nieves y/o peticionaria) mediante un *Recurso Apelativo*, para solicitarnos la revisión de dos (2) dictámenes emitidos por el foro primario.

El *primer* dictamen fue emitido el 14 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Municipal de San Juan, en el caso *Anthony Estevez v. Ginette Lourido*, OPA-2025-052327;[1] mientras que, el *segundo* dictamen fue emitido en igual fecha, pero en el caso *Ginette M. Lourido Nieves v. Anthony M. Esteves Barrera*, OPA-2025-052776.[2]

En el *primer* dictamen, el foro de instancia concedió una *Orden de protección* al amparo de la Ley para la Prevención e Intervención con la Violencia Doméstica (Ley Núm. 54),[3] a favor del

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 8, Apéndice I.
[2] *Íd.,* Apéndice II.
[3] Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 nota *et seq.*

recurrido del título. Por otro lado, en el *segundo* dictamen, el foro *a quo* emitió una *Resolución*, mediante la cual denegó una solicitud de orden de protección al amparo de la Ley Núm. 54, instada por la aquí peticionaria.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

**I**

### A. OPA-2025-052327

Según se desprende de los autos ante nuestra consideración, el 8 de enero de 2025, el señor Anthony M. Esteves Barrera (en adelante, señor Esteves Barrera o recurrido) solicitó ante el tribunal de instancia una orden de protección al amparo de la Ley Núm. 54, contra la peticionaria en el alfanumérico OPA-2025-052327.[4] En respuesta, ese mismo día, el foro primario emitió una *Orden de protección ex parte* a favor del señor Esteves Barrera.[5] Luego, el 14 de mayo de 2025, el tribunal recurrido celebró vista final sobre orden de protección. Producto de la vista, el foro de instancia concedió una orden de protección a favor del señor Esteves Barrera la cual estaría vigente desde el 14 de mayo de 2025 hasta el 14 de agosto de 2025.[6]

### B. OPA-2025-052776

Según se desprende de los autos, semanas más tarde, el 23 de enero de 2025, la señora Lourido Nieves incoó ante el foro de instancia una solicitud de orden de protección al amparo de la Ley Núm. 54, contra el señor Esteves Barrera, en el alfanumérico OPA-2025-052776.[7] En respuesta, ese mismo día, se expidió una *Orden de protección ex parte* a favor de la señora Lourido Nieves.[8] Luego, el

---

[4] Véase autos originales ante el TPI del alfanumérico OPA-2025-052327.
[5] SUMAC TA, a la Entrada Núm. 1, anejo intitulado *Orden Recurrida*, págs. 1-6.
[6] *Íd.*, a la Entrada Núm. 8, Apéndice I.
[7] Véase autos originales ante el TPI del alfanumérico OPA-2025-052776.
[8] SUMAC TA, a la Entrada Núm. 1, anejo intitulado *Orden Recurrida*, págs. 7-14.

14 de mayo de 2025, el tribunal recurrido celebró la vista final sobre orden de protección. Producto de la vista celebrada, el tribunal *a quo* emitió una *Resolución* mediante la cual dispuso no conceder la orden de protección solicitada.[9]

Inconforme, la peticionaria, solicitó *Reconsideración,*[10] la cual fue denegada.[11]

Aun en desacuerdo con el resultado la peticionaria instó el recurso ante nuestra consideración.[12] Aun cuando propiamente no esgrimió señalamiento de error alguno, es claro que el pedimento de la peticionaria a este foro revisor es que revisemos y revoquemos dos (2) determinaciones del foro primario en los casos identificados con los alfanuméricos OPA2025052327 y OPA2025052776. En el primero, tras haberse emitido una orden de protección en su contra y en el segundo, tras haberse denegado su solicitud de orden de protección.

Junto a su escrito, la peticionaria presentó una solicitud para litigar como indigente.

Mediante *Resolución*, emitida el 16 de julio de 2025, en lo atinente, autorizamos a la peticionaria a litigar como indigente. Por otro lado, le concedimos término para presentar una serie de documentos necesarios para disponer del recurso y poder auscultar nuestra jurisdicción.

Por su parte, el 28 de julio de 2025, compareció el recurrido mediante dos (2) escritos. El *primer* escrito fue una *Solicitud de Desestimación*, mientras que, el *segundo* escrito incoado fue el *Alegato en oposición a recurso de certiorari.*

---

[9] SUMAC TA, a la Entrada Núm. 8, Apéndice II.
[10] Véase autos originales ante el TPI del alfanumérico OPA-2025-052776.
[11] *Íd.*
[12] El recurso fue presentado como apelación, pero, mediante *Resolución* emitida el 16 de julio de 2025, fue acogido como *certiorari*, por ser lo procedente en derecho.

De ahí, mediante *Resolución*, emitida el 4 de agosto de 2025, concedimos a la peticionaria hasta el 13 de agosto de 2025, para expresarse en torno a la solicitud de desestimación, así como un término adicional para que cumpliese con nuestra *Resolución* del 16 de julio de 2025. Además, ordenamos al Tribunal de Primera Instancia a remitirnos los autos originales de los expedientes judiciales OPA-2025-052327 y OPA-2025-052776.[13]

El 12 de agosto de 2025, compareció la peticionaria para, entre otras cosas, presentar su posición en torno a la solicitud de desestimación. Empero, la peticionaria no cumplió con lo ordenado en nuestra *Resolución* del 16 de julio de 2025.

De ahí, y luego de haber examinado la solicitud de desestimación, así como la correspondiente oposición, disponemos declarar la misma *No Ha Lugar*. Por otro lado, aun cuando la peticionaria no ha presentado los documentos requeridos desde el 16 de julio de 2025, habida cuenta de que este Tribunal requirió y recibió los autos originales ante el TPI de los alfanuméricos OPA2025052327 y OPA2025052776, disponemos relevar a la peticionaria de continuar realizando gestiones para obtener los mismos.[14]

Habiéndose perfeccionado el recurso ante nos, procederemos a disponer del mismo.

## II

### A. La Revisión de Órdenes de Protección

Es norma harta conocida que el foro adecuado para revisar órdenes de protección emitidas por el Tribunal de Primera Instancia es el Tribunal de Apelaciones.[15] Ello, puesto a que la Ley de la

---

[13] Los autos originales ante el TPI de ambos alfanuméricos fueron recibidos.

[14] Tras recibir los autos originales ante el TPI, en ambos alfanuméricos, este Tribunal cuenta con todos los documentos necesarios para poder evaluar el recurso instado por la peticionaria.

[15] *Pizarro Rivera v. Nicot*, 151 DPR 944, 956 (2000).

Judicatura[16] otorga competencia exclusiva al referido foro apelativo para revisar cualquier resolución y orden emitida por el foro primario mediante un auto de *certiorari* expedido a su discreción.[17]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[18] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[19] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[20] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[21] Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[16] Artículo 4.006 (b) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley 201-2003, 4 LPRA sec. 24y.
[17] *Pizarro Rivera v. Nicot*, supra, 955.
[18] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[19] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[20] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[21] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 435.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[22]

Precisa señalar que el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[23] Quiérase decir que, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[24]

III

Ante nuestra consideración se encuentra pendiente la revisión de dos (2) determinaciones emitidas por el foro de instancia. Mediante la determinación emitida en el alfanumérico OPA-2025-052776, el referido foro denegó conceder una orden de protección a favor de la peticionaria y en contra del recurrido. Mientras que, en el alfanumérico OPA-2025-052327, se concedió una orden de protección a favor del recurrido y en contra de la peticionaria, con vigencia *hasta el 14 de agosto de 2025.*

Tras haber quedado insatisfecha con lo resuelto por el tribunal recurrido, en ambas determinaciones, la peticionaria acudió ante nos y planteó, esencialmente, que ameritaba que esta Curia revocara los dos (2) dictámenes recurridos.

Luego de haber examinado minuciosamente la totalidad del expediente ante nuestra consideración, incluyendo, las posiciones de las partes, haber estudiado con detenimiento los autos originales ante el tribunal de instancia, así como el derecho aplicable, este

---

[22] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[23] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[24] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Tribunal concluye que la peticionaria no logró demostrar que se justificara nuestra intervención en este caso. Entiéndase, que los fundamentos aducidos en la petición presentada no lograron activar nuestra función discrecional para intervenir con los dictámenes en revisión.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida. En consecuencia, y en virtud de la Regla 40 del Reglamento de este Tribunal,[25] resolvemos *denegar* la expedición del auto de *certiorari.*

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.