Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| DEYANEIRA N. REYES FERNÁNDEZ  Recurrida  v.  ÁNGEL X. MERCADO VALLESPIL  Peticionario | TA2025CE00267 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Municipal de Arecibo  Caso Núm.: OPA2025-56945  Sobre: Ley 54 |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

Comparece ante nos Ángel X. Mercado Vallespil ("señor Mercado" o "Peticionario") mediante *Petición de Certiorari* presentada el 8 de agosto de 2025. Nos solicita la revocación de la determinación del Tribunal de Primera Instancia por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("foro primario" o "foro *a quo*") notificada el 10 de julio de 2025 . Por virtud del aludido dictamen, el foro primario emitió una orden de protección contra el Peticionario por un (1) año al amparo del Artículo 2.1-B de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 621b ("Ley Núm. 54").

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari* presentado.

## I.

Conforme se desprende del expediente, el 20 de junio de 2025, el Ministerio Público presentó una *Denuncia* contra el Peticionario por violación al Artículo 3.1 de la Ley Núm. 54.[1] De la

---

[1] Véase, SUMAC TA, Entrada 1, Anejo 1.

referida Denuncia se desprende que el 19 de junio de 2025, en el municipio de Ciales, el señor Mercado presuntamente, golpeó en el rostro, agarró por el pelo y lanzó al suelo a Dayaneira Reyes Fernández en un restaurante. Asimismo, se desprende del aludido documento, que luego la levantó,  continuó golpeándola hasta llegar al  apartamento  y le profirió palabras soeces.

Así las cosas, el 20 de junio de 2025, se llevó a cabo la vista de determinación de causa para arresto ante el foro primario. Culminada la misma, el foro *a quo* determinó causa por el delito imputado en la *Denuncia,* le fijó una fianza al Peticionario de cien mil dólares ($100,000)[2] y expidió una *Orden de Protección* por un período de un (1) año[3] contra el Peticionario. De las determinaciones de hechos esbozadas en  la referida *Orden de Protección* se desprende que el foro primario expuso lo siguiente: "SE DETERMIN[Ó] CAUSA PARA ARRESTO EN REGLA 6 POR LEY 54 POR DISPOSICIÓN DE LEY 95-2023. SE IMPONE ORDEN DE PROTECCIÓN AUTOM[Á]TICA FINAL POR 1 AÑO. SE IMPONE A TALLERES LEY 155-2013".[4]

De la misma forma, el foro primario ordenó al Peticionario que se sometiera a un programa de educación sobre Violencia Doméstica de treinta (30) horas.[5]

El 7 de julio de 2025, el Peticionario presentó *Moción De Reconsideración.[6]* Mediante esta, esgrimió que la *Orden de Protección* expedida por el foro primario excedía el término dispuesto por ley. Razonó, el Peticionario, que por éste ser primer ofensor la *Orden de Protección* impuesta no podía exceder de seis (6) meses. Por tal motivo, solicitó la modificación de la aludida *Orden de Protección* conforme a los términos antes expuestos. Tras

---

[2] Véase, SUMAC TA, Entrada 1, Anejo IX, Regrabación de los Procedimientos.
[3] Véase, SUMAC TA, Entrada 1, Anejo II.
[4] Véase, SUMAC TA, Entrada 1, Anejo II, pág. 3.
[5] Véase, SUMAC TA, Entrada 1, Anejo III.
[6] Véase, SUMAC TA, Entrada 1, Anejo VI.

evaluar la reconsideración instada , el 10 de julio de 2025, el foro *a quo* declaró la misma *No Ha Lugar*.[7]

Inconforme, el 8 de agosto de 2025, el Peticionario compareció ante esta Curia mediante el recurso de epígrafe y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al expedir una Orden de Protección por la vigencia de un (1) año, violando así el debido proceso de ley del aquí peticionario y cometiendo a su vez un claro abuso de discreción.

En su recurso, el Peticionario incluyó la regrabación de los procedimientos llevados a cabo el 20 de junio de 2025. Posteriormente, el 26 de agosto de 2025, el Peticionario presentó *Moción Solicitando Paralización de Procedimientos en Auxilio de la Jurisdicción de este Honorable Tribunal*. Mediante esta, solicitó a esta Curia la paralización de los procedimientos en el foro primario hasta tanto se resolviera el recurso de *certiorari* ante nuestra consideración. Tras evaluar este escrito, esta Curia le concedió un término improrrogable a la parte Recurrida hasta el 29 de agosto de 2025 para que se expresara en torno a la moción de auxilio de jurisdicción, así como al recurso de epígrafe. No obstante, llegada la fecha, la Recurrida no compareció. Así pues, el 29 de agosto de 2025, esta Curia emitió *Resolución* mediante la cual declaró *No Ha Lugar* la moción en auxilio de jurisdicción. De igual forma, tras haber transcurrido  el término improrrogable concedido a la parte Recurrida para exponer su posición y esta no haber comparecido , procederemos a dar por perfeccionado el presente recurso y resolver la presente.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de

---

[7] Véase, SUMAC TA, Entrada 1, Anejo VII.

Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019).

### B. Órdenes de protección al amparo de la Ley Núm. 54 de 15 de agosto de 1989

La *Ley para la Prevención e Intervención con la Violencia Doméstica,* Ley Núm. 54 de 15 agosto de 1989, según emendada, 8

LPRA sec. 601 *et seq.,* ("Ley Núm. 54"), declara como política pública el compromiso constitucional de proteger la vida, la seguridad y la dignidad de las personas. La referida Ley atiende las situaciones producidas en el contexto de la violencia doméstica, que constituye "uno de los problemas más graves y complejos que confronta nuestra sociedad". 8 LPRA sec. 601.

Mediante este cuerpo legal se "repudia enérgicamente la violencia doméstica por ser contraria a los valores de paz, dignidad y respeto que este pueblo quiere mantener para los individuos, las familias y la comunidad en general". 8 LPRA sec. 601. De igual manera, "[a] través de esta política pública se propicia el desarrollo, establecimiento y fortalecimiento de remedios eficaces para ofrecer protección y ayuda a las víctimas, alternativas para la rehabilitación de los ofensores y estrategias para la prevención de la violencia doméstica". 8 LPRA sec. 601. En específico, esta Ley provee "no solo sanciones de tipo penal, sino que también establece el remedio civil de la orden de protección". *Pueblo v. Figueroa Santana,* 154 DPR 717, 727 (2001).

En esa dirección, la violencia doméstica es definida de la siguiente manera:

> Significa el empleo de fuerza física o violencia psicológica, intimidación o persecución o violencia económica contra una persona por parte de su cónyuge, excónyuge, una persona con quien cohabita o haya cohabitado, con quien sostiene o haya sostenido una relación consensual o una persona con quien se haya procreado una hija o un hijo, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, sus bienes o a la persona de otro o al animal de compañía o mascota de la víctima, de los hijos o del victimario para causarle grave daño emocional.. 8 LPRA sec. 602 (v).

Ante tales circunstancias, tanto los jueces de tribunales de primera instancia como municipales ostentan facultad para dictar medidas afirmativas de protección a las víctimas. Exposición de Motivos de la Ley 54. A tales fines, la aludida Ley dispone que

"[c]ualquier persona, de dieciocho (18) años o más de edad, que haya sido víctima de violencia doméstica o de conducta constitutiva de delito, según tipificado en esta Ley o en el Código Penal del Estado Libre Asociado de Puerto Rico o en cualquier otra ley especial, en el contexto de una relación de pareja, según definida por el inciso (q) del Artículo 1.3 de esta Ley, podrá radicar por sí, por conducto de su representante legal o por un agente del orden público una petición en el Tribunal y solicitar una orden de protección, sin que sea necesaria la radicación previa de una denuncia o acusación". 8 LPRA sec. 621.

En lo pertinente, el Artículo 1.3 de la Ley 54, define orden de protección como "todo mandato expedido por escrito bajo el sello de un tribunal, en la cual se dictan las medidas a un agresor para que se abstenga de incurrir o llevar a cabo determinados actos o conducta constitutivos de violencia doméstica". 8 LPRA sec. 602(l). Sometida la petición de la orden de protección, "el tribunal expedirá una citación a las partes bajo apercibimiento de desacato, para una comparecencia dentro de un término que no excederá de cinco (5) días". 8 LPRA sec. 624 (a).

De mediar las circunstancias contempladas en esta Ley, entonces le corresponde al tribunal "dictar medidas afirmativas de protección a las víctimas a través de la expedición de órdenes dirigidas al agresor para que se abstenga de incurrir en determinada conducta con respecto a la víctima". *Pizarro v. Nicot Santana*, 151 DPR 944, 952 (2000). En fin, el trámite discutido al amparo de la precitada Ley permite "atender las dificultades que las situaciones de violencia doméstica presentan para toda víctima, particularmente a mujeres y menores, para preservar su integridad física y emocional, procurar su seguridad y salvar sus vidas". 8 LPRA sec. 601.

En última instancia, con la aprobación de la Ley 95-2023, se enmendó la Ley Núm. 54 y se incorporó el Artículo 2.1-B, el cual provee un mecanismo de expedición automática en las circunstancias que se detallan a continuación.

> Cuando un tribunal determine que existe causa para el arresto a base de una denuncia en un procedimiento penal al amparo de las Regla 6 de las de Procedimiento Criminal, según enmendadas, por algún delito tipificado dentro de esta Ley, y el imputado sea reincidente por cualquiera de los delitos tipificados en esta Ley, deberá, sin que medie procedimiento adicional alguno, emitir una orden de protección a favor de la víctima por un período de vigencia que no será menor de un (1) año y que podrá ser extendida a discreción de un tribunal y con la anuencia de la víctima. En los casos en qué sea la primera ofensa del acusado bajo cualquiera de los delitos tipificados en esta ley, el tribunal deberá expedir una orden de protección a favor de la víctima por un periodo de vigencia que no será menor de seis (6) meses y que podrá ser extendido a discreción de un tribunal y con la anuencia de la víctima, siempre y cuando la víctima así lo solicite o que el tribunal así lo entienda necesario con la anuencia de la víctima.

> No obstante, antes de emitir la orden de protección establecida en este Artículo, en cualquiera de las dos instancias anteriores, el tribunal deberá explicarle a la víctima su derecho a que se le emita una orden de protección en ese mismo proceso penal, y su derecho a rechazar la misma, lo que deberá expresar en corte abierta y bajo juramento. El tribunal, antes de aceptar una renuncia a la orden de protección, deberá cerciorarse que la víctima se encuentre capacitada para tomar esa decisión, de manera libre, consciente y voluntaria. El tribunal tendrá discreción para rechazar la renuncia a la expedición de la orden de protección y en su consecuencia deberá emitir la misma conforme a lo dispuesto en este Artículo. 8 LPRA sec.621b.

### III.

Expuesto el marco jurídico, ponderados los argumentos presentados por el Peticionario y tras escuchar con detenimiento la regrabación de los procedimientos incluida en el apéndice del recurso, esta Curia determina que no se han producido las circunstancias que exijan nuestra intervención. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, el Peticionario no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación

recurrida constituiría un fracaso irremediable de la justicia. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA.  LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones