ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ENID M. ROSARIO GONZÁLEZ en representación de MARÍA M. GONZÁLEZ SÁNCHEZ**<br><br>Apelados<br><br>v.<br><br>**NAYDA M. ROSARIO GONZÁLEZ**<br><br>Apelante | KLAN202400283 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: SJL 121-2024-3714<br><br>Sobre: Ley 121 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 06 de mayo de 2024.

Comparece ante este Foro, por derecho propio, la señora Nayda M. Rosario González (peticionaria) y solicita que revoquemos la *Orden de Protección para el Adulto Mayor* que el Tribunal de Primera Instancia (TPI), Sala Municipal de San Juan, expidió en su contra el 8 de febrero de 2024. Ello, al amparo de la Ley Núm. 121 del 1 de agosto de 2019, mejor conocida como *Ley de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores,* según enmendada, 8 LPRA sec. 1511 *et seq.* (Ley Núm. 121-2019).

Como cuestión de umbral precisa señalar que, toda vez que se recurre de una orden de protección dictada al amparo de la Ley Núm. 121-2019, el recurso apropiado, conforme a nuestro ordenamiento, lo constituye el *certiorari* y no la apelación. Lo anterior, toda vez que dicho dictamen no se considera una sentencia

final.[1] Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

## I.

Según surge del expediente, el 29 de enero de 2024, la señora Enid M. Rosario González, de 61 años, solicitó una orden de protección en representación de su madre, la señora María M. González Sánchez (una persona de edad avanzada de 83 años). La parte contra quien se reclamaba la orden era la aquí peticionaria, la señora Nayda M. Rosario González. La petición se basó en hechos acaecidos el 28 de enero de 2024, cuando las hermanas Rosario González se enfrascaron en una disputa verbal en presencia de su madre, quien es paciente de *Alzheimer*. Específicamente, se alegó que la señora Nayda M. Rosario González profirió insultos y palabras soeces de forma agresiva contra la señora Enid M. Rosario González.

Celebrada la vista a la cual comparecieron todas las partes, y en lo que nos atañe a la controversia que hoy atendemos, el Tribunal de Primera Instancia expidió una *Orden de Protección para el Adulto Mayor* a favor de la señora González Sánchez y en contra de la señora Nayda M. Rosario González. El TPI determinó que el adulto mayor fue víctima de maltrato provocado por la señora Nayda M. Rosario González consistente en haberle causado daño a su salud, bienestar, integridad o a sus bienes; haberle expuesto al riesgo de sufrir daño a su salud, bienestar, integridad o a sus bienes y temor de sufrir daño físico o psicológico mediante intimidación, presión, coacción, amenazas.

---

[1] Véase, por ejemplo, *Pizarro v. Nicot*, 151 DPR 944 (2000).

Así las cosas, el foro primario ordenó que la señora Nayda M. Rosario González tendría que abstenerse de molestar, hostigar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con el ejercicio de los derechos que se le reconocen a su madre bajo la Ley Núm. 121-2019. Además, se le ordenó a no acercarse o penetrar en cualquier lugar y sus alrededores donde se encuentre la adulta mayor. Asimismo, se le prohibió a la señora Nayda M. Rosario González comunicarse con su hermana Enid M. Rosario González y su madre por cualquier medio, fuera verbal escrito, telefónico, electrónico por sí misma o a través de terceras personas. Por último, se le prohibió disponer de cualquier forma de los bienes de la adulta mayor.

En su pronunciamiento, el foro primario realizó las siguientes determinaciones de hechos adicionales:

> La parte peticionaria es adulta mayor de 61 años y en beneficio de su madre una adulta mayor de 83 años. La peticionada es hermana de la peticionaria. La peticionada ha incurrido en maltrato psicológico en contra de la parte peticionaria. Dicho maltrato se ha constituido mediante insultos a la Sra. Enid Rosario González tales como puta, cabrona, que es un demonio, que es una desquiciada.

> La peticionada amenazó a la peticionaria, Sra. Enid Rosario, con arrojarle una vela grande. La adulta mayor, Sra. María González se ha visto afectada con esta conducta de la peticionada. La adulta mayor en el incidente del 28 de enero de 2024 le solicitó reiteradamente a la peticionada que se marchara de su casa. La peticionada se negó y se mantuvo horas en la casa de ambas peticionarias. La peticionaria, Sra. Enid Rosario, tuvo que llamar a la Policía. La Policía llegó y entonces la peticionada se marchó. El 29 de enero de 2024 la peticionada regresó a la casa de ambas peticionarias gritando mami abre y halando el portón por fuerza. La Sra. Brenda Rosario, quien se encontraba en la casa, le indicó que no iba a abrir el portón ya que había ocurrido una situación el día anterior.

> Se expide Orden de Protección final por 6 meses. Se ordena el desarme.

> La referida Orden de Protección tiene vigencia hasta el 8 de agosto de 2024.

En desacuerdo, el 15 de febrero de 2024, la señora Nayda M. Rosario González solicitó reconsideración, pero esta fue denegada por el TPI. Aun inconforme, esta presentó el recurso que nos ocupa. En su comparecencia, aunque no hace señalamientos de error, fundamentalmente ataca la apreciación de la prueba realizada por el TPI.

El 3 de abril de 2024, dictamos *Resolución*, mediante la cual ordenamos a la Secretaría del Tribunal de Primera Instancia, Sala de San Juan, la presentación ante este Foro de la regrabación de los procesos del 8 de febrero de 2024.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, ello "con el propósito de lograr su más justo y eficiente despacho...". En consideración a lo anterior, eximimos a la parte recurrida de la presentación de su alegato en oposición.[2]

Escuchada la regrabación de la vista en su fondo y evaluado el expediente, estamos en posición de resolver.

**II.**

**A**.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR __ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR __ (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et*

---

[2] 4 LPRA Ap. XXII-B, R. 7 (B) (5).

*al.,* 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La Ley Núm. 121-2019, *supra*, reconoce como política pública y responsabilidad del gobierno mejorar la calidad de vida de los adultos mayores de 60 años o más y garantizar su bienestar. 8 LPRA sec. 1512. El Gobierno de Puerto Rico reconoce y reafirma su responsabilidad de proveer, hasta donde sus medios, recursos y situación fiscal lo hagan factible, las condiciones adecuadas que promuevan en los adultos mayores el goce de una vida plena y el disfrute de sus derechos naturales, humanos y legales. *Íd.*

En lo pertinente, dicho estatuto dispone que la familia de una persona adulto mayor deberá cumplir su función social; por tanto, de manera constante y permanente, al hacerse cargo de cada uno de los adultos mayores que formen parte de ella, proporcionarán los elementos necesarios para su atención integral. Es responsabilidad de los familiares, entre otras cosas, fomentar la convivencia familiar cotidiana, donde el adulto mayor participe activamente, y promover al mismo tiempo los valores que incidan en sus necesidades

afectivas, de protección y de apoyo; evitar que alguno de sus integrantes realice cualquier acto de abandono, desamparo, marginación, discriminación, abuso, explotación, aislamiento, violencia o los que pongan en riesgo su persona, bienes y derechos y otorgar una estancia digna, adecuada a sus necesidades, de preferencia en el propio domicilio o en facilidades de cuido asistencial. 8 LPRA sec. 1516 (b)(d) y (e).

El Artículo 3 inciso 15 de la Ley Núm. 121-2019 define maltrato como:

> [T]rato cruel o negligente a un adulto mayor por parte de otra persona, que le cause daño o lo exponga al riesgo de sufrir daño a su salud, su bienestar o a sus bienes. El maltrato a los adultos mayores incluye: abuso físico, emocional, financiero, negligencia, abandono, agresión, robo, apropiación ilegal, amenaza, fraude, violación de correspondencia, discrimen de edad, restricción de derechos civiles, explotación y abuso sexual, entre otros. El maltrato puede darse por acción o por omisión y puede ser perpetrado por un familiar, amigo, conocido o desconocido. 8 LPRA sec. 1513.

Cualquier adulto mayor que haya sido víctima de cualesquiera tipos de maltrato, según descritos en este capítulo, o de conducta constitutiva de delito según tipificado en el Código Penal de Puerto Rico o en cualquier otra ley especial, podrá radicar por sí, por conducto de su representante legal, por un agente del orden público, por tutor legal, por funcionario público o por cualquier persona particular interesada en el bienestar del adulto mayor una orden de protección en el tribunal. 8 LPRA sec. 1519. La citada legislación faculta al Tribunal a expedir una orden de protección a favor del adulto mayor o persona interesada que la solicita cuando determina que se configuraron los motivos suficientes para creer que existe maltrato físico, mental o psicológico, hostigamiento, coacción, intimidación, daño emocional o cualquier otro delito, en contra de la parte peticionaria. 8 LPRA sec. 1519.

**III.**

En la presente causa, la peticionaria esencialmente cuestiona la decisión del TPI, por entender que estuvo carente de prueba. No está de acuerdo con la evaluación de la prueba testifical que llevó a cabo el foro *a quo*. Particulariza que, en las determinaciones adicionales, el Tribunal incluyó frases no mencionadas en las declaraciones expresadas en la vista judicial y relató hechos incorrectos y aislados a como realmente fueron.

A su vez, la peticionaria esboza que no tuvo la oportunidad de ser entrevistada por la Oficina del Procurador de las Personas de Edad Avanzada y el Departamento de la Familia, previo a la celebración de la vista y de dictarse la orden de protección en su contra, más sí se entrevistó a su hermana y a su madre. Añade que el foro primario erró al aceptar las declaraciones de su hermana como la voluntad del adulto mayor sin esta ser su tutora legal y sin su madre estar presente en la vista. Aduce que su madre debe tener la oportunidad de testificar para minimizar una posible falsa representación por parte de su hermana.

Además, la peticionaria arguye que la emisión de la orden de protección en su contra limita la relación con su madre, lo cual podría repercutir en un impacto negativo ante la condición de salud de *Alzheimer*. Argumenta que no se determinaron las acciones a seguir si su madre o hermana enfrentaran una situación de emergencia ante el hecho de que la orden de protección les impide estar una con la otra. Precisa que el TPI pudo haber considerado otros remedios antes de prohibirle ver a su madre. Solicita tener acceso a ver a su madre o poder llamarla por teléfono.

Sin embargo, resulta preciso recordar que el foro primario, dentro del ejercicio de la discreción que ostenta en este tipo de casos, evaluó la prueba que tuvo ante sí y expidió la orden de protección concernida, con el propósito de salvaguardar el bienestar del adulto

mayor. Debemos hacer hincapié que el objetivo primordial de la Ley Núm. 121-2019 es velar por que todo adulto mayor en Puerto Rico tenga protección sobre su salud física y mental, y de su propiedad contra amenazas, maltrato y/o hostigamiento por parte de cualquier persona natural o jurídica, incluso por parte de las hijas de dicho adulto mayor, como sucedió en el presente caso. El TPI concluyó que los elementos necesarios para expedir la orden de protección al amparo de la Ley Núm. 121-2019, *supra*, estaban presentes en la situación de hechos que se le presentó. La regrabación de la vista escuchada por este Tribunal denota que la decisión del TPI fue adecuada y sensata.

Por entender que ninguno de los argumentos alegados por la peticionaria rebatió la presunción de corrección que le cobija a la decisión aquí impugnada, nos abstenemos de intervenir con la orden de protección cuestionada en esta etapa de los procedimientos. La peticionaria no demostró que el TPI erró en su apreciación de la prueba. Tampoco que actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la determinación aquí recurrida. Ante ello, denegamos expedir el auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Por último, recordemos que la orden de protección expedida en contra de la aquí peticionaria es una determinación de carácter provisional a base de las alegaciones y testimonios vertidos en la vista. Tomamos conocimiento de las alegaciones que se desprenden del expediente sobre, entre otras cosas, el uso inadecuado de tarjetas de crédito y cuentas bancarias de la adulta mayor concernida. Ante ello, la parte interesada, en este caso, la aquí peticionaria, tal y como se le expresó durante la vista, podrá acudir de así interesarle al tribunal para así dilucidar dichas controversias.

## IV.

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones