Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GUSTAVO PALAU HARTMANN, ANTONIO PALAU HARTMANN EN REPRESENTACIÓN DE BERTHA LIDYA HARTMANN<br><br>Recurridos<br><br>Vs.<br><br>JORGE PALAU HARTMANN<br><br>Peticionario | KLCE202500106 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Guayama<br><br>Caso Núm. GML1212024-01132 (99)<br><br>Sobre: LEY 121 |

Panel integrado por su presidenta, la Juez Barresi Ramos, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.[1]

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece la parte peticionaria, Jorge Palau Hartmann, y solicita la revocación de la *Orden de Protección para el Adulto Mayor* emitida en su contra por el Tribunal de Primera Instancia, Sala Municipal de Guayama, al amparo de la Ley Núm. 121-2019, 8 LPRA secs. 1511, *et seq.*

Por los fundamentos que expondremos a continuación, en el ejercicio de nuestra discreción, *denegamos* la expedición del auto solicitado.

### -I-

La parte recurrida, compuesta por el señor Gustavo Palau Hartmann, y el señor Antonio Palau Hartmann en representación de la señora Bertha Lydia Hartmann Fernández-Cuervo, solicitó una orden de protección en contra de la parte peticionaria. La parte recurrida aseveró sufrir maltrato por explotación financiera

---

[1] Mediante la OATA-2025-070 del 9 de mayo de 2025, se designó a la Hon. Eileen J. Barresi Ramos para entender y votar en el caso de epígrafe en sustitución del Hon. Abelardo Bermúdez Torres.

de parte de su hijo. Añadió que, la parte peticionaria la hostiga constantemente en busca de acceder u obtener su dinero. El foro primario celebró la vista los días 9 de octubre, 12 de noviembre y 17 de diciembre de 2024 y el 7 de enero de 2025, y expidió la orden de protección según solicitada por la parte recurrida.

Insatisfecho, el peticionario presentó el presente recurso de *certiorari*, señaló la comisión de dos errores:

> Incurrió en abuso de discreción y en error de derecho el TPI al: a) Denegarle al [peticionario] su derecho de introducir prueba e indagar sobre los hechos relacionados al litigio; b) Denegarle el derecho al [peticionario] de indagar y presentar prueba sobre el estado mental de Bertha y al concluir que su estado mental no era relevante al caso; c) Al limitarle al [peticionario] su derecho de estar presente al momento del testimonio de Bertha; al d) Aceptar como evidencia unos estados bancarios no confiables; al e) Reabrir testimonios de testigos que ya habían testificado; f) Al acoger y dar como cierto el informe del DF previo a que quien lo preparó testificara y estuviese sujeta al contrainterrogar; al g) limitarle el derecho al [peticionario] a prepararse para contrainterrogar al DF, pues únicamente se le dio 10 minutos de preparación; al h) interrumpir y limitar el contrainterrogatorio de Gustavo; i) Al interrumpir y no permitir realizar oferta de prueba del Dr. Bastián; j) al manifestar que iba a denegar la reconsideración sin tan siquiera conocer el fundamento en derecho que pudo haber sido invocado, todo ello en clara violación al debido proceso de ley del [peticionario].

> Incurrió en prejuicio y parcialidad el TPI al: a) manifestar que se había formado de una opinión previo a la [peticionaria] haber comenzado su turno de prueba; y al b) apercibirle a la [peticionaria] que de ejercer su derecho a solicitar reconsideración iba a ser sancionado.

La parte peticionaria solicitó autorización para presentar la transcripción de la prueba oral. Autorizamos la tramitación de la transcripción solicitada. El 24 de marzo de 2025, la parte peticionaria presentó la transcripción de la prueba oral y concedimos a la parte recurrida hasta el 17 de abril de 2025 para presentar sus objeciones. Trascurrido el plazo concedido, dimos por estipulada la transcripción. La parte peticionaria presentó su alegato suplementario. La parte recurrida también compareció mediante alegato escrito. Resolvemos con el beneficio de la comparecencia de las partes, el contenido del expediente y la transcripción de la prueba oral.

**-II-**

**-A-**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 2021 TSPR 124, resuelto el 19 de agosto de 2021. Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *800 Ponce de León v. AIG, supra.* No obstante, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp.*, et al., 202 DPR 478, 486-487 (2019).

Cabe destacar que, el examen que hace este Tribunal previo a expedir un *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, señala los criterios que debemos tomar en consideración al evaluar si expedir un auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *800 Ponce de León v. AIG, supra.*

*-B-*

La Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores, Ley Núm. 121-2019, *supra*, reconoce la responsabilidad del Estado de mejorar las condiciones de vida de los adultos mayores. En lo pertinente, el Artículo 9 de la Ley Núm. 121-2019, 8 LPRA sec. 1519, provee para que cualquier adulto mayor que haya sido víctima de maltrato pueda presentar

una solicitud de orden de protección en el tribunal. A tales efectos, el Artículo 9, *supra*, faculta al tribunal a emitir una orden de protección cuando determine "que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de maltrato físico, mental o psicológico, hostigamiento, coacción, intimidación, daño emocional o cualquier otro delito".

*-III-*

En su recurso, el peticionario interesa la revocación de la *orden de protección* emitida a favor de su progenitora. Hemos evaluado los planteamientos esbozados y conforme la normativa antes reseñada denegamos la expedición del auto de *certiorari* solicitado. En suma, la parte peticionaria arguye que, el foro primario incidió al conceder la solicitud de orden de protección por no permitirle presentar prueba.

A tenor con la Ley Núm. 121-2019, *supra,* el foro de primera instancia emitió una *Orden de Citación* y requirió de ambas partes comparecer a las múltiples vistas en las cuales prestaron sus declaraciones en torno a la petición de epígrafe. Por su naturaleza expedita, la solicitud de orden de protección permite al foro primario recibir el testimonio de las partes para dilucidar sobre la procedencia de la orden de protección. Ello pues, distinto a una acción civil ordinaria, el debido proceso en estos tipos de casos no contempla, necesariamente, un descubrimiento de prueba ordinario como tampoco un juicio plenario. Las solicitudes de orden de protección implican un procedimiento ágil a través de la presentación de un formulario sencillo. *Pizarro v. Nicot,* 151 DPR 944, 952 (2000).

Del expediente del caso surge que, el foro primario hizo constar la comparecencia de las partes, estas participaron activamente del desfile de prueba, y tras considerar la prueba ante

sí, emitió la orden de protección a favor de la parte recurrida, señora Hartmann Fernández-Cuervo, según su apreciación.

Cabe destacar que, la orden recurrida está acompañada de una presunción de corrección y validez. *López García v. López García,* 200 DPR 50 (2018). Añádase que, en nuestro ordenamiento jurídico la apreciación de la prueba efectuada por el Tribunal de Primera Instancia prevalece en ausencia de error manifiesto, prejuicio, pasión o parcialidad. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 209 DPR 759, 779 (2022). De nuestro examen del expediente y la transcripción de la prueba oral, colegimos que, el foro primario no abusó de su discreción al emitir la orden de protección.

Por consiguiente, de nuestro análisis sosegado del recurso ante nuestra consideración, resolvemos que, no concurren ninguno de los criterios esbozados en nuestra Regla 40, *supra*, que nos mueva a ejercer nuestra discreción para expedir el recurso de *certiorari* solicitado, por lo que, determinamos que el dictamen recurrido merece nuestra deferencia.

*-IV-*

En mérito de lo anterior, *denegamos* la expedición del auto de *certiorari,* según presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Barresi Ramos concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones