Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ALEXANDRA COBIÁN SALAS, en representación y como madre con patria potestad de la menor ABC<br><br>Parte Recurrida<br><br>v.<br><br>MARIE QUIÑONES TAÑÓN, en representación y como madre con patria potestad de la menor EVQ<br><br>Parte Peticionaria | TA2025CE00274 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: OPA-2025-056868<br><br>Sobre: Orden de Protección – Violencia Domestica |

Panel integrado por su presidente, el Juez Rodríguez Flores, la Jueza Díaz Rivera y el Juez Cruz Hiraldo[1].

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de agosto de 2025.

El 10 de agosto de 2025, la señora Marie Lynn Quiñones Tañón (Sra. Quiñones Tañón), en representación de la menor EVQ, instó el recurso de *certiorari* de epígrafe acompañado de una *Urgente Solicitud en Auxilio de Jurisdicción en virtud de la Regla 79 del Reglamento del Tribunal de Apelaciones.* En síntesis, solicita que revoquemos la Resolución emitida y notificada el 8 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala Municipal de San Juan, mediante la cual el TPI denegó la *Moción Solicitando Modificación Parcial de Orden* presentada por la Sra. Quiñones Tañón.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[2], resolvemos denegar la expedición

---

[1] Mediante la Orden Administrativa OATA-2025-150 de 11 de agosto de 2025, se designa al Hon. Joel A. Cruz Hiraldo, en sustitución de la Hon. Sol de B. Cintrón Cintrón, por esta encontrarse fuera del Tribunal por causas justificadas.
[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

del auto de *certiorari* y declarar *no ha lugar* la solicitud en auxilio de jurisdicción.

**I.**

Según surge del expediente, el 18 de junio de 2025, la señora Alexandra Cobián Salas (Sra. Cobián Salas), en representación de su hija, la menor ABC, presentó ante el TPI una *Petición de Orden de Protección* al amparo de la Ley Núm. 54 de 15 de agosto de 1989, conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica* (Ley Núm. 54), 8 LPRA sec. 621 *et seq,* en contra de la señora Marie Quiñones Tañón (Sra. Quiñones Tañón), madre de la menor EVQ. En esa misma fecha, 18 de junio de 2025, el TPI emitió la *Orden de Protección Ex Parte* a favor de la hija de la Sra. Cobián Salas, y en contra de la hija de la Sra. Quiñones Tañón. El TPI esbozó las siguientes determinaciones de hechos:

> A la vista ex parte comparece la peticionaria y la menor ABC por derecho propio acompañadas por la intercesora legal, Cristina Burgos. Las menores cursan el mismo grado escolar en el mismo colegio. Hace unos meses comenzaron una relación de noviazgo. EVQ ha maltratado emocionalmente a ABC. En los pasados meses EVQ ha presionado a ABC para que le manifestara a su madre su orientación sexual y la dejara saber sobre la relación que estas tenían. Además, cuando las menores han tenido discusiones, EVQ le ha manifestado a ABC que se va a matar si no pueden estar juntas.

El TPI concluyó que la Sra. Cobián Salas demostró que existía una probabilidad sustancial de riesgo inmediato de maltrato. Por tanto, ordenó a la menor EVQ a abstenerse de acercarse, molestar, intimidar, amenazar o de cualquier otra forma interferir con la menor ABC. A su vez, ordenó a la menor EVQ abstenerse de visitar y/o acercarse al hogar de la menor ABC o sus familiares, la escuela a la que asiste, su lugar de trabajo o negocio, así como a los alrededores de cualquiera de los mencionados. También, el TPI ordenó a la menor EVQ abstenerse de realizar llamadas telefónicas a la menor ABC y de enviar mensajes de texto o de voz a su número

telefónico personal, lugar de trabajo, o a sus familiares y amigos. De igual forma, el TPI le requirió a la menor EVQ abstenerse de enviar correos electrónicos, cartas o facsímiles a la menor ABC, así como de tener contacto o interferir con ella mediante redes sociales. Por último, le ordenó entregar a la Policía de Puerto Rico cualquier arma de fuego que le perteneciera o tuviera bajo su control.

El TPI dispuso que la orden estaría vigente hasta el 15 de julio de 2025, fecha para la cual se pautó la vista en su fondo. A su vez, citó a la señora Quiñones Tañón para que compareciera a la vista señalada.

El 10 de julio de 2025, la Sra. Cobián Salas presentó una moción en la que solicitó un reseñalamiento de la vista, exponiendo las razones de su solicitud.[3] Mediante orden de 11 de julio de 2025, el TPI extendió la vigencia de la orden de protección *ex parte* y reseñaló la vista para el 11 de agosto de 2025.[4]

El 21 de julio de 2025, la señora Quiñones Tañón, en representación de la menor EVQ, presentó una *Urgente Solicitud de Adelanto de Vista.* Argumentó que a la menor se le quebrantó su derecho a un debido proceso de ley al no celebrase la vista dentro de los veinte (20) días que establece el Artículo 2.5 de la Ley Núm. 54, 8 LPRA sec. 625. Se indicó que las clases comienzan el 12 de agosto de 2025, razón por la cual la vista debía celebrarse con premura y sugirió fechas disponibles en su calendario para la celebración.

El TPI reseñaló la vista para el 6 de agosto de 2025.[5] No obstante, el 1 de agosto de 2025, la Sra. Cobián Salas presentó una *Solicitud de Cambio de Fecha de Vista* a la que anejó una

---

[3] SUMAC-TA, Apéndice del recurso, entrada 5.
[4] *Íd.,* entrada 6.
[5] *Íd.,* entrada 10.

certificación médica de su hija para fundamentar su petición de que la vista se celebrara después del 13 de agosto de 2025.[6]

Mediante orden de 1 de agosto de 2025, el TPI extendió la vigencia de la orden de protección *ex parte* y reseñaló la vista para el 27 de agosto 2025.[7]

Así las cosas, el 4 de agosto de 2024, la institución educativa a la que asisten ambas menores, Saint John's School, compareció mediante una *Moción de Intervención,* con el propósito de recibir orientación de parte del tribunal para garantizar el cumplimiento e implementación de la orden en el entorno escolar.[8]

Por su parte, el 5 de agosto de 2025, la Sra. Quiñones Tañón presentó una *Urgente Solicitud de Vista Para Atender Educación de las Menores y Orden de Protección.*[9] Pidió que se señalara una vista en fecha anterior al 12 de agosto de 2025 -fecha de inicio del año escolar- para discutir las medidas provisionales a practicarse para evitar que se perjudicara la asistencia escolar y educación de ambas menores. Además, se requirió que se adelantara la vista ya pautada para el 27 de agosto de 2025.

El 5 de agosto de 2025, el TPI atendió estas últimas dos mociones. En cuanto a la *Moción de Intervención,* dictaminó un *no ha lugar* y expresó que "[n]o es función del foro judicial brindar orientación y/o emitir opiniones consultativas".[10] De otra parte, también declaró *no ha lugar* la *Urgente Solicitud de Vista* presentada por la Sra. Quiñones Tañón, exponiendo que "[e]s deber de la institución educativa tomar las medidas provisionales correspondientes con relación a este asunto".[11]

---

[6] *Íd.,* entrada 11.
[7] *Íd.,* entradas 12 y 13.
[8] *Íd.,* entrada 14.
[9] *Íd.,* entrada 15.
[10] *Íd.,* entrada 16.
[11] *Íd.,* entrada 17.

El 8 de agosto de 2025, la señora Quiñones Tañón presentó una *Moción Solicitando Modificación Parcial de Orden de Protección.*[12] Solicitó que se eliminara de la orden de protección la prohibición de acercarse al plantel escolar para que la menor EVQ pueda asistir a la institución educativa a partir del 12 de agosto de 2025, fecha de inicio del año escolar.

El 8 de agosto de 2025, el TPI emitió y notificó la siguiente Resolución cuya revisión se solicita:

> Examinada la moción, se provee no ha lugar, es deber de la institución implantar las medidas correspondientes en aras de hacer cumplir la orden de protección ex parte expedida.

Inconforme con lo resuelto, el 2 de agosto de 2025, la Sra. Quiñones Tañón instó el presente recurso y apuntó los siguientes señalamientos de error:

> (1) ERRÓ EL TRIBUNAL MUNICIPAL DE SAN JUAN AL NO MODIFICAR UNA ORDEN DE PROTECCIÓN EX PARTE QUE LE IMPIDE A LA PETICIONADA-RECURRENTE MENOR DE EDAD ASISTIR A LA ESCUELA Y MANTENER UNA ORDEN DE PROTECCIÓN EX PARTE PROVISIONAL VIGENTE POR MAS DE 71 DIAS.
>
> (2) ERRÓ EL TRIBUNAL MUNICIPAL AL NO CELEBRASE LA VISTA DENTRO DE LOS 20 DÍAS QUE PROVEE EL ART. 2.5 DE LEY 54 Y PRORROGAR LOS TÉRMINO[S] DE FORMA MOTU PROPRIO SIN DARLE LA OPORTUNIDAD DE EXPRESARSE, NEGÁNDOLE ASÍ SU DIA EN CORTE.

En esencia, arguye que la orden de protección ex parte ocasiona daños a la menor EVQ, los cuales continuarían incrementando ante la prohibición de poder asistir al plantel escolar. De tal modo, solicita que este Tribunal ordene al TPI celebrar la vista en su fondo en veinticuatro (24) horas o, en la alternativa, que se modifique parcialmente la orden de protección ex parte para que la menor EVQ pueda asistir a la escuela u ordene el

---

[12] *Íd.,* entrada 19.

archivo de la orden de protección, con cualquier otro pronunciamiento que en derecho proceda.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[13]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[14] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de

---

[13] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[14] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[15], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[16]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[17] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[16] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[17] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[18] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[19]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[20] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[21] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[22]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[23]

---

[18] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[19] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[20] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[21] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[22] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[23] *SLG Zapata Rivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

## C.

En nuestro ordenamiento jurídico los casos de violencia doméstica están revestidos del más alto interés público.[24] Con relación a las órdenes de protección, el Artículo 2.1 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica* (Ley Núm. 54), 8 LPRA sec. 621 *et seq.*, estatuye, en lo pertinente, lo siguiente:

> Cualquier persona [...] que haya sido víctima de violencia doméstica [...] podrá radicar [...] una petición en el Tribunal y solicitar una orden de protección, sin que sea necesaria la radicación previa de una denuncia o acusación.[25]

"[C]uando el tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de violencia doméstica, podrá emitir una orden de protección".[26]

Además, el estatuto protector provee para que la orden de protección pueda ser expedida *ex parte* y de manera provisional.[27] La orden de protección *ex parte* procederá cuando:

> (a) [s]e han hecho gestiones de forma diligente para notificar a la parte peticionada con copia de la citación expedida por el tribunal y de la petición que se ha radicado ante el tribunal y no se ha tenido éxito; o
>
> (b) existe la probabilidad de que dar notificación previa a la parte peticionada provocará el daño irreparable que se intenta prevenir al solicitar la orden de protección, o
>
> (c) cuando la parte peticionaria demuestre que existe una probabilidad sustancial de riesgo inmediato de maltrato.[28]

En estos casos, se deberá notificar copia de la orden a la parte peticionada, dentro de un término expedito, que no podrá exceder de cuarenta y ocho (48) horas. La parte peticionada tendrá oportunidad para oponerse a la orden.[29] A esos efectos, se señalará

---

[24] *San Vicente v. Policía de P.R.*, 142 DPR 1, 11-12 (1996).
[25] 8 LPRA sec. 621.
[26] *Pizarro v. Nicot*, 151 DPR 944, 952 (2000).
[27] Art. 2.5 de la Ley Núm. 54, 8 LPRA sec. 625.
[28] *Íd.*
[29] *Íd.*

una vista dentro de los próximos veinte (20) días.[30] Durante la audiencia, el tribunal podrá dejar sin efecto la orden o extender sus efectos por el término que estime necesario. [31]

### III.

La situación que nos compete gira en torno a una orden de protección *ex parte* que ostenta carácter provisional. Es decir, se emite temporeramente hasta tanto el tribunal tenga la oportunidad de escuchar a la otra parte y así determinar si procede expedir una orden de protección formalmente. Para esto es necesario dictar una vista donde se le permita a las partes expresarse y presentar la prueba pertinente. En el presente caso, el TPI, y dentro del ejercicio de su sana discreción, tomó las medidas que entendió necesarias, ágiles y útiles para dar cumplimiento a los propósitos y política pública de la Ley Núm. 54. *supra.*

Luego del análisis del recurso y del derecho aplicable, no vemos razón alguna para intervenir con lo dispuesto por el TPI. Nada en el expediente nos convence de que el foro recurrido hubiera incurrido en error o en un abuso de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

En consecuencia, denegamos la expedición del recurso de *certiorari* y declaramos no ha lugar la moción en auxilio de jurisdicción.

### IV.

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* y declaramos no ha lugar la moción en auxilio de jurisdicción.

Notifíquese inmediatamente.

---

[30] *Íd.*
[31] *Íd.*

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones