Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JULIAN PÉREZ<br>Peticionario<br><br>v.<br><br>MARALIZ RIVERA GUITÉRREZ<br>Recurrida | TA2025AP00129 | *Apelación* acogida como Certiorari procedente del Tribunal de Primera Instancia, Sala Municipal de Carolina<br><br>QEE Núm.: CAL2842025-3674<br><br><br>Sobre: Ley 284 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de agosto de 2025.

Comparece ante nosotros, por derecho propio, el señor Julian Pérez (señor Pérez o peticionario) y solicita que revoquemos la *Resolución* notificada por el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario) el 13 de junio de 2025.[1] Mediante su dictamen, el foro primario declaró no ha lugar la *Petición de orden de protección* que presentó el peticionario en contra de la señora Maraliz Rivera Gutiérrez (señora Rivera Gutiérrez o recurrida), al amparo de la Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, 33 LPRA sec. 4013 *et seq.* (Ley Contra el Acecho).[2]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.[3]

## I.

El 1ro de junio de 2025, el señor Pérez instó una petición de orden de protección al amparo de la Ley Contra el Acecho, *supra*, en

---

[1] Entrada 4.
[2] Íd.
[3] Mediante *Resolución* emitida el 17 de julio de 2025 acogimos el recurso de epígrafe como un *certiorari* por tratarse de una revisión de una *Petición de Orden de Protección.*

contra de la recurrida. En esencia, alegó que la señora Rivera Gutiérrez ha mantenido un patrón de acecho en su residencia. Expuso que, la recurrida llegó a su casa con diez personas en 5 vehículos con la policía. Alegó que, la recurrida le gritó a su esposa para que diera acceso a la propiedad. Eventualmente, con la intervención de la policía, la recurrida se retiró del lugar no sin antes gritarle para que dejara de grabar los acontecimientos. Indicó que se sentía amenazado por su seguridad y la de sus hijos menores de edad. Añadió que, estas personas se han acercado a su casa en múltiples ocasiones anteriores. Por lo antes expuesto, suplicó que se expidiera una orden de protección a su favor.

El TPI señaló y celebró la vista de rigor, a la cual comparecieron ambas partes con su representación legal. Surge de la regrabación de la vista, celebrada el 13 de junio de 2025, que al iniciar los procesos, el tribunal revisó el contenido de la petición, confirmó que se trataba de un suceso ocurrido el 1 de junio de 2025 y a unos incidentes del año 2021 que resultaban muy remotos. A preguntas del tribunal y de la discusión entre los presentes, se informó sobre la existencia de un caso de desahucio pendiente ante otra sala del TPI, en la que la recurrida es la representante legal del señor José Angel Rivera Tapia quien a su vez demandó al señor Pérez. Además, se aclaró que, en una ocasión anterior el señor Pérez instó otra solicitud de orden de protección contra el señor José Angel Rivera Tapia al amparo de la Ley en Contra del Acecho, *supra*, (caso núm CAL2842024-3160) y ahora vuelve a instar una petición de orden de protección contra la abogada de éste.

Superado lo anterior el señor Pérez testificó (acompañado por su representante legal así como por una traductora autorizada y juramentada), sobre el evento que propició esta *Petición*.[4] En síntesis,

---

[4] En cumplimiento con nuestra *Resolución* emitida el 17 de julio de 2025 [Entrada 5] la Secretaría del Tribunal de Primera Instancia, Sala de Carolina, acreditó la

el peticionario testificó que, el 1 de junio de 2025, la recurrida, acompañada de diez personas y la policía de Puerto Rico se presentó en su propiedad localizada en Loíza, Puerto Rico y perpetró actos de intimidación y amenaza.[5] Entre otras cosas, adujo haber grabado la escena donde la señora Rivera Gutiérrez, alegadamente en aras de amenaza, le exigió acceso a su propiedad. A esos efectos, el foro primario le permitió la presentación de una grabación audiovisual de los sucesos ocurridos el 1 de junio de 2025.[6] Con el beneficio del vídeo, narró los hechos y, en particular, cuando le pidió a la recurrida que se alejara del área y ella rehusó hacerlo.[7] Destacó que, según se desprende del audio, el peticionario expresó lo siguiente: ¨you are harrasing me... they told you to leave, why are you here?¨ y además ¨¨(...) you are a lawyer and you are harassing me. (...) .[8] Señaló que así el tribunal hizo constar que, surge del referido video la presencia de la recurrida, un agrimensor y la policía de Puerto Rico en las afueras de la residencia del peticionario.[9] Finalmente, el TPI denegó la admisión de un tercer video referente al mismo suceso.[10]

Evaluada la *Petición*, así como el testimonio y la grabación audiovisual del señor Pérez, el foro primario expresó lo siguiente:

> La Ley 284 se diseña con un propósito muy particular, y es que se den eventos de persecución, vigilancia constante, que se den amenazas o que se de alguna especie de intimidación. El proceder conforme a las órdenes o instrucciones de un tribunal para que se haga x o y cosa, en este caso en el terreno iban a hacer unas mediciones y había un agrimensor, este que, tienen que haber unos actos específicos coetáneos de tiempo. [...] Aquí no se cumplen con los elementos de la Ley contra el Acecho [...].[11]

Basado en lo antes, el TPI emitió y notificó la *Resolución* objeto de este recurso, el 13 de junio de 2025. En esta, el foro primario

---

regrabación de los procedimientos relacionados al caso CAL2842025-3674 [Entrada 6].
[5] Íd., 0:08:37.
[6] Íd., 0:11:35.
[7] Íd., 0:13:57.
[8] Íd., 0:17:45.
[9] Íd., 0:16:51, 0:18:10.
[10] Íd., 0:18:27.
[11] Íd. 0:18:48.

determinó no ha lugar a la petición de orden de protección, al exponer que no se cumplieron los elementos de la Ley Contra el Acecho, *supra.*

Inconforme, el señor Pérez acude ante esta Curia y mediante el recurso de epígrafe solicita la revocación del dictamen recurrido.[12] En esencia señala que, el foro primario incidió al no conceder su petitorio y en particular por no consider la prueba audiovisual que presentó en la vista. Resalta que instó una queja contra la Lic. Mariliz Rivera Gutierrez, ante el Tribunal Supremo de Puerto Rico por violaciones a la ética profesional por actos amenazantes y agresivos perpetuados en su contra y en contra de su familia.

Mediante *Resolución* emitida el 17 de julio de 2025, ordenamos a la recurrida exponer su posición. Transcurrido el término sin cumplir, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la

---

[12] Cabe señalar que, mediante *Resolución* emitida el 15 de julio de 2025 se le ordenó al señor Pérez acreditar la copia del dictamen recurrido debido a que los documentos que incluyó eran concercientes al caso CAL2842024-3160. En cumplimiento con lo anterior, el 16 de julio de 2025, instó una *Moción Informativa* donde acompañó los siguientes documentos: *Petición de Orden de Protección al Amparo de la Ley contra el Acecho en Puerto Rico* presentada el 2 de junio de 2025, así como la *Resolución sobre Archivo de Petición u Orden de Protección* emitida el 13 de junio de 2025, relacionados al caso de epígrafe y la *Resolución sobre Archivo de Petición u Orden de Protección* emitida el 13 de enero de 2025 en el caso CAL2842024-3160.

facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra. En lo pertinente, el Tribunal de Apelaciones goza de facultad para revisar, mediante auto de *certiorari,* las órdenes de protección emitidas por el foro de instancia, a tenor del Artículo 4.006 (b) de la Ley de la Judicatura. *Pizarro Rivera v. Nicot,* 151 DPR 944, 956 (2000).

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A

esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III**

En la presente causa, el peticionario solicita la expedición del auto de *certiorari* por entender que, el foro primario abusó de su discreción al denegar su petición de orden de protección contra la recurrida al amparo de la Ley de Acecho, *supra.*

Hemos evaluado sosegadamente el recurso según presentado, con el beneficio de la regrabación de los procedimientos y concluimos que, no concurre criterio alguno que obligue nuestra intervención sobre lo resuelto por el Tribunal de Primera Instancia. Nuestro examen minucioso del expediente y los pronunciamientos del foro recurrido no indica que se haya apartado de los parámetros de su discreción o haya cometido un error de derecho. En ausencia de pasión, arbitrariedad o abuso de discreción no nos compete alterar la norma de abstención judicial que guía nuestras funciones judiciales en casos como el de autos.

Según el expediente y particularmente la regrabación de la vista en la que participaron las partes debidamente representados por sus abogados, colegimos que, la situación de hechos tiene su genesis en un caso de desahucio pendiente sobre la propiedad donde ocurrieron los sucesos y en la que la recurrida participa como representante legal de una de las partes en el otro pleito. El pronunciamiento del foro judicial corresponde al análisis del cuadro fáctico procesal en el contexto de un caso relacionado sobre desahucio y las presuntas órdenes judiciales que se dilucidan en otra sala del TPI, así como la apreciación de la prueba que tuvo ante sí, al amparo de los requerimientos estatuídos en la Ley Contra el Acecho, *supra*, la cual merece nuestra deferencia.

Ante ello, concluimos que, el señor Pérez no nos ha puesto en posición para revertir el dictamen recurrido. En su consecuencia y en ausencia de criterio alguno que nos mueva a resolver lo contrario, el pronunciamiento recurrido es producto del adecuado ejercicio de las facultades que le asisten al Tribunal de Primera Instancia en la materia que atendemos, por lo que, no resulta preciso que intervengamos. Siendo así, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no procede la expedición del auto de *certiorari*.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones