Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| WILLIAM CARRIÓN ROQUE<br><br>Recurrido<br><br>Vs.<br><br>GRETCHEN CAPÓ HERNÁNDEZ<br><br>Peticionaria | TA2026CE00071 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Guaynabo<br><br>Caso Núm. GB2026MU00036<br><br>Sobre: Orden de Protección – Ley 54 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparece la parte recurrida, Gretchen Capó Hernández, solicita la revocación de tres órdenes interlocutorias emitidas el 9 de enero de 2026, 13 de enero de 2026, y el 16 de enero de 2026 por el Tribunal de Primera Instancia, Sala Municipal de Guaynabo. Por medio de las primeras dos órdenes recurridas, el foro primario denegó modificar la orden de protección *ex parte* a favor de la parte recurrida, William Carrión Roque, y mediante la última denegó adelantar la fecha de la vista señalada en la orden de protección expedida al amparo de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 del 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso solicitado.

## *-I-*

El 8 de enero de 2026, el foro recurrido expidió una orden de protección a petición de la parte recurrida, y en la orden suspendió provisionalmente las relaciones maternofiliales de los menores, hijos de las partes del epígrafe. A juicio de la juzgadora de hechos, la parte recurrida demostró riesgo inmediato de maltrato físico y verbal hacia su persona, y también la puesta en peligro de la integridad física y mental de sus hijos. Esto debido a las actuaciones de la parte peticionaria, quien acechaba y perseguía al recurrido para exigir la reconciliación matrimonial. El tribunal citó las partes a vista para el 3 de febrero de 2026.

La parte peticionaria, en desacuerdo, solicitó varias modificaciones a la orden de protección expedida. Primero, la continuación de las relaciones maternofiliales, segundo, un referido al Departamento de la Familia, por involucrar menores, y un nuevo señalamiento de fecha para la vista del 3 de febrero de 2026. El foro primario denegó todas las solicitudes de la parte peticionaria por vía de las órdenes interlocutorias recurridas.

Todavía inconforme, la parte peticionaria comparece ante este tribunal, y señala los siguientes errores:

> Incidió el Tribunal Municipal al suspender total y abruptamente las relaciones materno-filiales, sin determinaciones de hecho ni base probatoria de maltrato o negligencia hacia los menores, ignorando el interés superior del menor y la obligación judicial de dictar medidas menos restrictivas para evitar daño emocional irreparable.

> Incidió el Tribunal Municipal y el Tribunal Superior al denegar el referido urgente al Departamento de la Familia y al no adoptar medidas cautelares mínimas para proteger a los menores, faltando a un deber ministerial de salvaguardar y proteger el bienestar de los menores cuando se ha impuesto una separación total a expensas de la celebración de una vista que excede el término razonable para vista final, prolongando indebidamente los efectos de una orden ex parte, dejando a una madre y sus hijos sin remedio.

> Incidió el Tribunal Municipal al abusar de su discreción y fallar en su deber de protección al no emitir órdenes dirigidas a cesar el acecho

tecnológico mediante el control de geolocalización y credenciales del vehículo Tesla utilizado por la madre, creando un riesgo inminente de imputaciones falsas de desacato y convirtiendo la orden de protección en un mecanismo que permite un riesgo real de vigilancia y control en violación al debido proceso de ley.

Incidió el Tribunal Municipal al intervenir —directa o de facto— en controversias patrimoniales y de administración de recursos vinculados a la sociedad legal de gananciales (control de bienes, acceso a recursos, bloqueo financiero), asuntos ya planteados y pendientes ante la Sala Superior de San Juan en el caso de divorcio, sin jurisdicción adecuada para adjudicarlos ni visión integral del objeto económico; resultando en determinaciones arbitrarias y fragmentación de remedios.

Incidió el Tribunal Municipal al mantener una orden ex parte que ha excedido su vigencia legal y al omitir remedios contra el acecho tecnológico. El artículo 2.5 de la Ley 54 establece un término jurisdiccional de 20 días para la celebración de la vista final tras una orden ex parte. Este término es la garantía mínima del debido proceso de ley, pues valida la privación de derechos fundamentales, como la custodia de los hijos, sin una vista previa en sus méritos.

La parte peticionaria acompañó su recurso apelativo con una solicitud de auxilio de jurisdicción, la cual denegamos mediante la *Resolución* del 16 de enero de 2026. La parte recurrida también compareció mediante alegato escrito. En consecuencia, estamos en posición de disponer del presente recurso con el beneficio de la comparecencia escrita de las partes, el contenido del expediente electrónico, y los principios de derecho correspondientes.

*-II-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del

Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**-III-**

La Ley Núm. 54-1989 fue creada para atender el problema de la violencia doméstica en Puerto Rico. El estatuto "otorga a los jueces la facultad para dictar medidas afirmativas de protección a las víctimas a través de la expedición de órdenes dirigidas al

agresor para que se abstenga de incurrir en determinada conducta con respecto a la víctima, proveyendo un procedimiento ágil, el cual facilita la solución inmediata de las controversias". *Pizarro v. Nicot*, 151 DPR 944, 952 (2000). El Artículo 2.1 de la Ley Núm. 54-1989, 8 LPRA sec. 621, permite a cualquier persona víctima de violencia en el contexto de una relación de pareja, solicitar una orden de protección. En la orden, el tribunal podrá disponer, entre otras cuestiones, las siguientes: "[a]djudicar la custodia provisional de los niños y niñas menores de edad de la parte peticionaria", y "[o]rdenar a la parte peticionada abstenerse de molestar, hostigar, perseguir, intimidar, amenazar o de cualesquiera otra forma interferir con el ejercicio de la custodia provisional sobre los menores que ha sido adjudicada a una de éstas". *Íd.* Finalmente, el Artículo 2.5 (c) de la Ley Núm. 54-1989, 8 LPRA sec. 625, sobre órdenes de protección ex parte, requiere al Tribunal señalar "vista a celebrarse dentro de los próximos veinte (20) días, de haberse expedido dicha orden ex parte, salvo que la parte peticionada solicite prórroga a tal efecto".

Considerado lo anterior y el análisis del expediente nos mueve a no intervenir con las actuaciones del foro recurrido. A nuestro juicio, los pronunciamientos cuestionados son producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto solicitado.

*-IV-*

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* expedir el recurso extraordinario promovido.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones